THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antonio Romero Williams,

        Petitioner,

v.

Eddie Miles and State of Minnesota,
et al.,

        Respondents.

Case No. 13-2115 (PAM/FLN)

**REPORT AND RECOMENDATION**

_____

Antonio Romero Williams, *pro se.*
Thomas Weist for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's motion for a writ of habeas corpus (ECF No. 1). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, Williams' petition should be **DENIED**.

## I.  BACKGROUND

On August 5, 2013, Williams filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1. Williams raises two grounds for relief in his petition: (1) error by the Minnesota Department of Corrections by modifying concurrent supervised release terms into one consecutive term; and (2) a challenge to the constitutionality of the Minnesota Sentencing Guidelines. *Id.* at 6-7. In October 2013, the Government responded to Williams' petition. Resp. to Pet., ECF No. 17. The Government argued that Williams' petition should be denied because he failed to raise a

1

federal claim and because his claims were procedurally defaulted. Mem. in Resp. to Pet. 13, ECF No. 18.

On February 10, 2014, Williams filed a motion to stay or, in the alternative, to dismiss his mixed petition without prejudice. Mot. to Stay, ECF No. 30. This Court denied Williams' motion to stay because he did not properly articulate a federal constitutional challenge in regard to the Minnesota Sentencing Guidelines in his initial post-conviction appeal in state court. See Order, ECF No. 37. Consequently, the Court concluded that his second ground for relief was procedurally defaulted. *Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir. 2009) ("A claim is procedurally defaulted if a habeas petitioner failed to raise it in state proceedings."). In Minnesota, all claims raised and all claims known but not raised in a petitioner's direct appeal are barred from consideration in a subsequent post-conviction petition. *State v. Knaffla*, 309 Minn. 246, 252 (Minn. 1976). Only by demonstrating cause for default and actual prejudice can a petitioner avoid application of this state court bar. *Schlup v. Delo*, 513 U.S. 298, 314-17 (1995). As discussed below, Williams' first ground for relief should also be denied for failure to clearly articulate the federal nature of his first ground for relief. In sum, both of Williams' claims are not only unexhausted, but also procedurally defaulted.

## II. ANALYSIS

Before seeking federal habeas corpus relief, a state prisoner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted). In order to fairly represent a federal claim to the state courts, a petitioner must identify a "specific federal

constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

In this case, the only mention of Williams' constitutional rights in his post-conviction brief is: "By aggregating Williams' consecutive sentences into a single fixed sentence, the Commissioner of Corrections abused its authority and violated Williams' constitutional right to equal protection of the law." Pet.'s Mem. in Supp. for Clarification of Consecutive Sentence 3, ECF No. 19-4. As noted in this Court's previous Order, this single generic reference to constitutional equal protection is insufficient to give the state court notice of a potential violation of Williams' rights under the federal constitution. *See* ECF No. 37. *See also White*, 267 Fed. Appx. 489, 492 (8th Cir. 1997) (holding that general references to "due process rights" were insufficient to put the state court on notice that Petitioner was claiming his rights under the Federal Constitution were violated). Further, Williams only cites Minnesota state law in his May 2011 appeal. *See generally* ECF No. 19-4, 60-66. Finally, Williams' has not demonstrated good cause for failing to raise what his petition casts as federal claims in his initial state court appeal. For all of these reasons, Williams' grounds for relief are unexhausted. Because Williams is barred from raising these claims in state court again, both grounds for relief are also procedurally defaulted and therefore his petition should be denied with prejudice.

### III. RECOMMENDATION

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and dismissed with prejudice.

DATED: August 13, 2014          *s/Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Recommendation by filing with the Clerk of Court and serving on all parties, on or before August 28, 2014, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.